Mr. Barry Emigh 1720 Arrowhead Road, Apt. O North Little Rock, AR 72118
Dear Mr. Emigh:
You have requested certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of a popular name and ballot title for a proposed constitutional amendment. You have previously submitted several similar measures, each of which I rejected due to ambiguities in the text of your proposed amendments. See, e.g., Ops. Att'y Gen. Nos. 2000-264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120.
You have made changes to your measure and submitted a revised popular name and ballot title for my certification. Your proposed popular name and ballot title state:
 POPULAR NAME PAYMENT OF CANVASSERS AND SPONSORS, SCHOLARSHIPS AND TEACHERS USING FOOD TAX WITH INTENT TO ABOLISH SAID TAX
 BALLOT TITLE PROVIDING FOR THE SEPARATE RECEIPT AND ACCOUNTING, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; DEFINING FOOD ITEMS AS ANY ITEM THAT IS EDIBLE TO INCLUDE DRINKABLE FOOD ITEMS AND NON-PRESCRIPTION VITAMIN SUPPLEMENTS NOT CONTAINING ALCOHOL WITH EXCEPTION OF EXCLUSION AS NOTED HEREIN; PROVIDING FOR THE DEPOSIT OF FUNDS IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND ON THE 31ST DAY FROM THE DATE OF VOTER APPROVAL OF THIS AMENDMENT, BY THE DEPARTMENT OF FINANCE AND ADMINISTRATION, OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS AS DEFINED HEREIN, AND REQUIRING THE IMMEDIATE DEPOSIT OF SUCH MONEYS IN THE FUND; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 40% OF THE PRINCIPAL AMOUNT OF THE GEORGE W. DONAGHEY SCHOLARSHIP FUND FROM THE FIRST 180 DAYS TO BE DIVIDED BY THE NUMBER OF REGISTERED VOTER'S SIGNATURES COUNTED AS VALID BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE GENERAL ELECTION BALLOT WITH EACH CANVASSER RECEIVING A PAYMENT FROM THE FUND FOR EACH REGISTERED VOTER'S SIGNATURE THE CANVASSER HAS OBTAINED THAT HAS BEEN COUNTED AS A VALID REGISTERED VOTER BY THE SECRETARY OF STATE TO PLACE THIS AMENDMENT ON THE GENERAL ELECTION BALLOT; REQUIRING THE STATE BOARD OF FINANCE TO DISTRIBUTE 10% OF THE PRINCIPAL AMOUNT OF THE GEORGE W. DONAGHEY SCHOLARSHIP FUND FROM THE FIRST 180 DAYS TO THE SPONSOR OF THIS AMENDMENT; REQUIRING THE STATE BOARD OF FINANCE TO MAKE SUCH AMOUNTS PAYABLE TO THE CANVASSERS AND SPONSOR OF THIS AMENDMENT WITHIN 30 WORKING DAYS AFTER THE FIRST 180 DAYS OF DEPOSIT IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 30% PERCENT OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND FOR FULL TUITION SCHOLARSHIPS FOR QUALIFIED PERSONS TO ATTEND ANY PUBLICLY FUNDED UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE IN THE STATE OF WHICH NOT MORE THAN 40% OF THE FUNDS SHALL BE DISTRIBUTED FOR EACH SESSION OF CLASSES; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 18% PERCENT OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO BE DIVIDED EQUALLY BY THE TOTAL NUMBER OF ALL THE TEACHERS EMPLOYED THE PREVIOUS YEAR BY ANY, AND ALL, PUBLICLY FUNDED INSTITUTES OF EDUCATION WITHIN THE STATE AND PAID TO THOSE TEACHERS; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 2% PERCENT OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO THE TEACHER'S RETIREMENT FUND; AUTHORIZING THE STATE BOARD OF FINANCE TO DISTRIBUTE 30% OF THE PREVIOUS 12 MONTHS OF INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND AFTER THOSE FOOD ITEMS, AS DEFINED HEREIN, HAVE BEEN EXEMPTED FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX TO BE DIVIDED BY THE TOTAL NUMBER OF STUDENTS ATTENDING ANY, AND ALL, PUBLICLY FUNDED INSTITUTES OF EDUCATION WITHIN THE SATE, AND PAID TO THOSE INSTITUTES FOR EACH STUDENT IN ATTENDANCE FROM THE PREVIOUS YEAR'S ENROLLMENT WITH THE GENERAL ASSEMBLY AND GOVERNOR HAVING THE FULL AUTHORITY TO DETERMINE THE APPROPRIATE USE OF SAID FUNDS; AUTHORIZING THE STATE BOARD OF FINANCE TO PROVIDE A CONVENIENT TIME FOR PERSONS TO SUBMIT AN APPLICATION FOR SCHOLARSHIPS TO THE STATE BOARD OF FINANCE WITH SUCH PAYMENT BEING MADE IN A TIMELY MANNER FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND DIRECTLY TO THE UNIVERSITIES, COLLEGES AND COMMUNITY COLLEGES WITHIN THE STATE; REQUIRING THE APPLICATION TO STATE THE FULL AMOUNT OF TUITION COST FOR THE CHOSEN UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR EACH SESSION OF CLASSES, THE AMOUNT OF ANY OTHER FINANCIAL AID, GRANTS OR SCHOLARSHIPS RECEIVED BY THE INDIVIDUAL AND THE INDIVIDUAL'S TOTAL EARNED GROSS INCOME FROM THE PREVIOUS YEAR; REQUIRING DISTRIBUTION OF FULL-TUITION FROM THE GEORGE W. DONAGHEY SCHOLARSHIPS TO ANY UNIVERSITY, COLLEGE OR COMMUNITY COLLEGE IN THE STATE, FIRST, TO THOSE PERSONS WITH THE LOWEST TOTAL AMOUNT BY ADDING BOTH THE AMOUNT OF TUITION PAYMENT (AFTER DEDUCTIONS FOR OTHER FINANCIAL AID, GRANTS AND SCHOLARSHIPS) AND THE INDIVIDUAL'S PREVIOUS YEAR TOTAL GROSS INCOME; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE FOR ANY PERSON TO ATTEND MORE THAN ONE UNIVERSITY, COLLEGE OR COMMUNITY COLLEGE DURING A SESSION OF CLASSES; PROVIDING NO PAYMENT SHALL BE MADE BY THE STATE BOARD OF FINANCE TO ANY UNIVERSITY, COLLEGE AND COMMUNITY COLLEGE FOR A PERSON TO RETAKE A FAILED CLASS; PROVIDING ANY PAYMENT BY THE STATE BOARD OF FINANCE FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND TO THE TEACHER'S RETIREMENT FUND, ANY TEACHER, AND THE CANVASSERS AND SPONSOR OF THIS AMENDMENT TO BE EXEMPT FROM ANY STATE TAX; REQUIRING REDEPOSIT IN THE GEORGE W. DONAGHEY SCHOLARSHIP FUND OF INVESTMENT EARNINGS NOT USED FOR THE PURPOSES HEREIN STATED; CREATING THE GEORGE W. DONAGHEY SCHOLARSHIP FUND SEPARATE AND APART FROM THE STATE TREASURY TO BE ADMINISTERED BY THE STATE BOARD OF FINANCE; AMENDING A.C.A. § 19-4-803 TO EXEMPT THE "GEORGE W. DONAGHEY SCHOLARSHIP FUND" FROM THE REQUIREMENTS OF AN APPROPRIATION; EMPOWERING THE STATE BOARD OF FINANCE TO DISTRIBUTE THE GEORGE W. DONAGHEY SCHOLARSHIP FUND MONEY TO BE KEPT AS DISTINCT CASH FUNDS SEPARATE AND APART FROM THE STATE TREASURY; EMPOWERING THE STATE BOARD OF FINANCE TO MANAGE AND INVEST THE GEORGE W. DONAGHEY SCHOLARSHIP FUND IN COMPLIANCE WITH THE PRUDENT INVESTOR RULE AND OTHER APPLICABLE STANDARDS IN A.C.A. §§ 24-3-408, -414, -415, -417 TO -425 AND A.C.A. § 19-3-518; EMPOWERING THE STATE BOARD OF FINANCE TO HIRE PROFESSIONALS TO ASSIST IN THE INVESTMENT OF THE GEORGE W. DONAGHEY SCHOLARSHIP FUND, AND AUTHORIZING THE BOARD TO USE INVESTMENT EARNINGS FROM THOSE FUNDS TO COMPENSATE SUCH PROFESSIONALS; EXEMPTING FOOD ITEMS AS DEFINED HEREIN FROM THE STATE AND LOCAL GROSS RECEIPT SALES TAX WHEN 50% OF THE TOTAL AMOUNT OF THE INVESTMENT EARNINGS FROM THE GEORGE W. DONAGHEY SCHOLARSHIP FUND EXCEEDS THE ANNUAL DEPOSIT OF THE STATE AND LOCAL GROSS RECEIPT SALES TAX ON FOOD ITEMS; PROVIDING THIS AMENDMENT SHALL NOT AFFECT THE TAX ON THOSE ITEMS AS PROVIDED UNDER A.C.A. § 26-57-901 OF THE "ARKANSAS SOFT DRINK TAX ACT" NOR INCLUDE ANY ITEMS THEREAFTER EXCLUDED FROM THE ARKANSAS SOFT DRINK TAX; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON PREPARED RESTAURANT FOODS DEFINED AS A RESTAURANT OR SIMILAR BUSINESS UNDER A.C.A. § 20-57-208 NOR INCLUDE ANY ITEMS THEREAFTER EXCLUDED FROM THE PROVISIONS OF THIS TAXATION; PROVIDING THIS AMENDMENT SHALL NOT AFFECT ANY TAX ON ALCOHOLIC BEVERAGES NOR INCLUDE ANY ITEMS THEREAFTER EXCLUDED FROM THE PROVISIONS OF THIS TAXATION; PROVIDING THIS AMENDMENT TO BE SELF EXECUTING; TO PROVIDE SEVERABILITY AND TO REPEAL ANY STATUTES AND LAWS IN CONFLICT WITH THIS AMENDMENT
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
Because your proposed measure contains numerous ambiguities and drafting errors, I cannot summarize the measure in a ballot title that accurately and fairly reflects the contents of the measure. See, e.g., Ops. Att'y Gen. Nos. 2000-264, -248, 241, -240, -214, -193, -192, -186, -163, -152, -138, -135, and -120. I must therefore reject your proposed popular name and ballot title. If you are aggrieved at my action in this regard, you have the right, by petition, to apply to the Arkansas Supreme Court for proper relief. See A.C.A. § 7-9-107(d) (Repl. 2000).
Sincerely,
MARK PRYOR Attorney General